# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID Nos. 1703004263 and 1703015343** |
| | ) | **Cr. A. Nos. IN16-11-1065, etc.** |
| **BRANDON BROWN,** | ) | |
| **Defendant.** | ) | |

Submitted: July 31, 2020
Decided: September 9, 2020

## **ORDER**

*Upon Defendant, Brandon Brown's, Motion for Postconviction Relief,*
**DENIED**.

This 9th day of September, 2020, upon consideration of the Defendant Brandon Brown's *Pro Se* Motion for Postconviction Relief (D.I. 32)[1] and the amendments thereto, the State's response, the Commissioner's Report and Recommendation that Mr. Brown's *Pro Se* Motion for Postconviction Relief should be **DENIED**, and the record in this case, it appears to the Court that:

(1)     In August of 2017, a grand jury returned two different indictments against Brandon Brown (and some co-defendants) charging him multiple counts of

---

[1]     Because there are multiple Uniform Case Numbers assigned to this matter, the Court, for simplicity sake, uses only the docket entry assignments made in Case Number 1703004263.

burglary, aggravated menacing, theft, shoplifiting and related charges stemming from a multitude of offenses occurred in January, February, and March of 2017.[2]

(2) On February 27, 2018, Mr. Brown pleaded guilty to six those charges (five from the indictments, one by new information.)[3] His sentencing occurred in June, 2018, after the State filed a habitual criminal petition.[4] Mr. Brown was sentenced to an aggregate of 25 years of Level V incarceration, suspended after serving 12 years (per the provisions of 11 *Del. C.* § 4214(c)), for decreasing levels of quasi-incarceration and probation.[5]

(3) Mr. Brown filed no direct appeal from his convictions or sentence, but did previously file an unsuccessful *pro se* application of sentence reduction.[6]

(4) In June 2019, Mr. Brown filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[7]

---

[2]  Indictment, *State v. Brandon Brown,* ID No. 1703004263 (Del. Super. Ct. Aug. 7, 2017) (D.I. 2); Indictment, *State v. Brandon Brown,* ID No. 1703015343 (Del. Super. Ct. Aug. 7, 2017) (D.I. 2).

[3]  Plea Agreement and TIS Guilty Plea Form, *State v. Brandon Brown,* ID Nos. 1703004263, etc. (Del. Super. Ct. Aug. 7, 2017) (D.I. 24).

[4]  D.I. 26 and 27.

[5]  Sentencing Order, *State v. Brandon Brown,* ID Nos. 1703004263, etc. (Del. Super. Ct. June 29, 2018) (D.I. 29).

[6]  D.I. 30 and 31.

[7]  D.I. 36.

(5)    After expansion of the record and the State's response, that motion was referred to Superior Court Commissioner Janine M. Salomone in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(6)    The Commissioner docketed her Report and Recommendation on July 31, 2020.[8]  The Commissioner recommended that Mr. Brown's Motion for Postconviction Relief be denied.[9]

(7)    "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[10] Neither Mr. Brown nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).

(8)    The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[11]  After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Mr. Brown's conviction; his guilty plea was knowing, voluntary, and intelligent. Nor is there a doubt that Mr. Brown's counsel was wholly effective when

---

[8]    D.I. 46.

[9]    *State v. Brown*, 2020 WL 4383574 (Del. Super. Ct. July 31, 2020).

[10]   Super. Ct. Crim. R. 62(a)(5)(ii).

[11]   *Id.* at 62(a)(5)(iv).

investigating and evaluating his case for potential defenses, when challenging and litigating the issues that counsel had a good faith basis to believe had merit, when negotiating a plea resolution—which included downgrading and resolution of even the unindicted charges Mr. Brown was then facing—and when assisting Mr. Brown while entering his guilty plea. Counsel also thoroughly prepared for and advocated during Mr. Brown's sentencing. In short, it plainly appears from the motion and the record of prior proceedings that Mr. Brown is not entitled to postconviction relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of July 31, 2020, Mr. Brown's Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 9th day of September, 2020.**

**/s/ *Paul R. Wallace***

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc: Hon. Janine M. Salomone
Kelly H. Sheridan, Deputy Attorney General
Eugene J. Maurer, Jr., Esquire
Brandon Brown, *pro se*